IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEMETRIC SCOTT,

        Plaintiff,

v.

DAVID A. CLARKE, JR., and
JOHN DOE PSYCHIATRIST,

        Defendants.

OPINION & ORDER

15-cv-402-jdp

---

.
      Pro se plaintiff Demetric Scott, a prisoner in the custody of the Wisconsin Department of Corrections currently housed at the Milwaukee Secure Detention Facility, has filed a complaint alleging that he is being deprived of proper mental health treatment. Plaintiff seeks leave to proceed with this case *in forma pauperis*, and he has already made an initial partial payment of the filing fee previously determined by the court.

      The next step is for the court to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

      After considering plaintiff's allegations, I will dismiss plaintiff's complaint for failure to comply with Federal Rules of Procedure 8 and 20, but I will give him an opportunity to submit an amended complaint that more clearly explains the basis for his claims.

ALLEGATIONS OF FACT

Plaintiff Demetric Scott is a prisoner in the custody of the Wisconsin Department of Corrections currently being held at the Milwaukee Secure Detention Facility (MSDF).

On January 21, 2010, plaintiff states that he "went to the Behavioral Health Complex" and was diagnosed with a host of mental illnesses, including mood swings, schizophrenia, intermittent explosive disorder, and antisocial personality disorder. Plaintiff was prescribed Depakote and Seroquel. That same day, plaintiff arrived at the Milwaukee County Jail.

Once plaintiff was at the jail, "pysch social workers" evaluated him, took "this information back to someone" and his psychotropic medications were adjusted without plaintiff having been seen by a psychiatrist. Because of the changes to his medication, plaintiff was "completely unstable." In this state, plaintiff was involved in two altercations with other inmates and was placed in segregation.

The remainder of plaintiff's complaint is written in the present tense, although he does not explicitly state that his allegations refer to his treatment at MSDF, as opposed to the Milwaukee County Jail. Plaintiff states that he goes several months without seeing his psychiatrist and the provision of his psychotropic medication is not monitored. Although plaintiff's allegations are somewhat vague, I infer that he is saying that the lack of proper treatment has resulted in his illnesses becoming worse, including leading him to suffer suicidal and homicidal thoughts.

ANALYSIS

An incarcerated person has the right to adequate medical care, whether that person is a pretrial detainee or a convicted prisoner. To show that his treatment violates the Eighth Amendment's ban on cruel and unusual punishment, a convicted prisoner must show that he had a "serious medical need" and that defendants were "deliberately indifferent" to this need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Pretrial detainees are afforded "*at least* as much protection [under the Due Process Clause of the Fourteenth Amendment] as the constitution provides convicted prisoners," *Board v. Farnham*, 394 F.3d 469, 477-78 (7th Cir. 2005) (emphasis in original).

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994).

By stating that he suffers from various mental illnesses, plaintiff sufficiently alleges a serious medical need. But plaintiff fails to comply with Rule 8 by explaining how the defendants he names in the complaint acted with deliberate indifference toward him. He names only Milwaukee County Sheriff David Clarke and "John Doe Psychiatrist" as defendants, and he does not explain what specific actions these defendants took that resulted in a deprivation of treatment. In particular, § 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim, and supervisors (such as defendant Sheriff Clarke) are not liable just because they oversee a

3

facility. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). The few parties he does name in the body of his allegations (such as the "pysch social workers") are not named as defendants.

Plaintiff's allegations raise a second potential problem: he seems to be asserting a set of claims regarding his treatment at the Milwaukee County Jail, and maybe an unrelated set of claims regarding his treatment at MSDF. Combining these allegations in a single complaint might violate Federal Rule of Civil Procedure 20, which prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). It is extremely unlikely that plaintiff would be able to join claims about treatment at a county-run facility with claims regarding a state-run facility.

Because plaintiff's complaint does not comply with Rule 8 and likely does not comply with Rule 20 either, I will dismiss it in its entirety. However, I will give plaintiff a chance to file an amended complaint in which he names as a defendant each jail or prison employee he wishes to sue and sets out his claims against each of the defendants in short and plain statements. He should draft his amended complaint as if he were telling a story to people who know nothing about his situation. Plaintiff should simply state (1) what acts he believes violated his rights; (2) what rights were violated; (3) the specific person who committed those acts; and (4) what relief he wants the court to provide. He should state the facts of what actually happened rather than make broad allegations to the effect that his rights were

violated without explaining exactly how he thinks his rights were violated. In doing so, plaintiff should keep in mind that he will not be able to proceed on unrelated claims against separate defendants in a single lawsuit.

ORDER

IT IS ORDERED that:

1. Plaintiff Demetric Scott's complaint, Dkt. 1, is DISMISSED for failure to comply with Federal Rules of Civil Procedure 8 and 20.

2. Plaintiff may have until January 5, 2016, to submit an amended complaint addressing the problems detailed in the opinion above. Should plaintiff fail to submit an amended complaint by this deadline, I will direct the clerk of court to enter judgment dismissing the case for plaintiff's failure to state a claim upon which relief may be granted.

Entered December 10, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge